UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Seth A. Armstrong, | Case No. 24-cv-2185 (JMB/LIB) |
| Plaintiff, | **ORDER** |
| v. | |
| St. Louis County Sheriff's Dept., State of Minnesota – any and all involved, | |
| Defendants. | |

This matter comes before the Court on Plaintiff Seth A. Armstrong's Complaint, (Doc. No. 1); and Application to Proceed in District Court Without Prepaying Fees or Costs (IFP Application), (Doc. No. 2). For the following reasons, the Court dismisses Armstrong's Complaint without prejudice and denies the IFP Application as moot.

Rather than pay this action's filing fee, Armstrong submitted the IFP Application. *See* (Doc. No. 2.) Armstrong's IFP Application and Complaint are therefore now before this Court for review pursuant to 28 U.S.C. § 1915(e). Upon review of Armstrong's IFP Application, the Court concludes that he qualifies financially for IFP status. That said, an IFP application will be denied, and an action will be dismissed, when an IFP application fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons

1

proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service.").

In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

In this case, Armstrong does not explicitly assert any cause of action. He says that the St. Louis County Sheriff's Department has been targeting and harassing him for the last two years, (Doc. No. 1), and that he has been charged with criminal offenses, only for them to be later dropped, (Doc. No. 2). Given these allegations, the Court concludes that Anderson has not asserted a plausible claim under 42 U.S.C. § 1983.

To establish a § 1983 claim, "a plaintiff must allege a violation of a constitutional right committed by a person acting under color of state law." *Andrews v. City of West Branch, Iowa*, 454 F.3d 914, 918 (8th Cir. 2006). The St. Louis County Sheriff's Department, however, is not a "person" for the purposes of § 1983. *See Ketchum v. City*

*of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (explaining that the police department was not an entity subject to suit under § 1983 because it is "simply a department[] or subdivision[] of the City government"); *see also De La Garza v. Kandiyohi Cnty. Jail, Corr. Inst.*, 18 F. App'x 436, 437 (8th Cir. 2001) (per curiam) (Kandiyohi County Jail and Kandiyohi County Sheriff's Department are not legal entities subject to suit under § 1983). To the extent that Armstrong asserts a § 1983 claim against the St. Louis County Sheriff's Department, such a claim fails as a matter of law.[1]

While pro se complaints are to be liberally construed, it is not incumbent upon the Court to fashion a cause of action on Armstrong's behalf. *See Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 840 (8th Cir. 2004) (federal courts are not required to "divine the litigant's intent and create claims that are not clearly raised"). Thus, upon close review of the Complaint, this Court finds that the Complaint—even when liberally construed—fails to

---

[1] Although Armstrong does not explicitly identify any other defendant in the Complaint itself, (Doc. No. 1), his IFP application also names the State of Minnesota as a defendant to this action, (Doc. No. 2). The State of Minnesota, however, is also not a person subject to liability under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989) ("[S]tate and governmental entities . . . are not persons subject to liability for the purposes of 42 U.S.C. § 1983 action."). In addition, the Eleventh Amendment bars § 1983 claims against the State of Minnesota. *Id.* at 66 (concluding that Congress did not intend to override sovereign immunity in enacting 42 U.S.C. § 1983); *see also Serna v. Goodno*, 567 F.3d 944 (8th Cir. 2009) ("[T]he Eleventh Amendment bars damages claims against the states."); *Cooper v. St. Cloud State Univ.*, 226 F.3d 964, 969 (8th Cir. 2000) (concluding that the State of Minnesota has not waived its Eleventh Amendment immunity to suit in federal court). Finally, although state officials may be sued in their official capacities, *Monroe v. Ark. State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007), Armstrong never specifically identifies any state officials as defendants to this action and does not state any facts alleging any state official acted in violation of his constitutional rights. *See Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (concluding that "liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights.").

articulate any facts or law from which this Court can discern a valid cause of action. Accordingly, Armstrong's Complaint, (Doc. No. 1), is dismissed without prejudice for failure to state a claim, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), and the IFP Application, (Doc. No. 2), is denied as moot.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Plaintiff Seth A. Armstrong's Complaint (Doc. No. 1) is DISMISSED WITHOUT PREJUDICE.

2. Armstrong's IFP Application (Doc. No. 2) is DENIED as moot.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: June 17, 2024

/s/ *Jeffrey M. Bryan*
Judge Jeffrey M. Bryan
United States District Court